UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-CV-60402-WPD

WHITNEY L. FAIR and
JANELLE L. SMILEY,

    Plaintiffs,
v.

GREGORY TONY, as Sheriff of Broward
County, and JEFFREY MELLIES, individually,

    Defendants.
_____/

## DEFENDANT, JEFFREY MELLIES', *UNOPPOSED* MOTION TO STAY THE CIVIL PROCEEDINGS AND DISCOVERY PENDING THE DETERMINATION OF CRIMINAL PROCEEDINGS AGAINST HIM AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, the Defendant, JEFFREY MELLIES, by and through his undersigned counsel and pursuant to Fed. R.Civ.P. 26(c) and S.D. Fla. L.R. 7,1, and files his Unopposed Motion to Stay the Civil Proceedings, and in support thereof states:

1. This civil rights case arises out of Plaintiffs' allegations that their personal information was accessed on the Driver and Vehicle Information Database (DAVID) without a legitimate law enforcement purpose, back in March and July of 2018.

2. Plaintiffs filed an eight (8) count amended complaint against the Broward County Sheriff's Office (BSO) and Lieutenant Mellies alleging numerous federal claims including violation of the Drivers Privacy Protection Act (DPPA) pursuant to 18 U.S. C. §2724 and 42 U.S.C. §1983.[1]

---

[1] BSO was dismissed as a party on August 31, 2022. [DE 60]

1

Four (4) counts remain pending against MELLIES.

3. Defendant MELLIES has been informed that BSO presented the alleged violations to the Broward State Attorney's Office for criminal review and potential prosecution.

4. There is no time frame within which the Broward State Attorney's Office must make a determination on whether they will proceed with prosecution against MELLIES.

5. In anticipation of discovery commencing, the undersigned requests a stay of the civil proceedings for 60 days, or until the resolution of potential criminal proceedings against MELLIES.[2]

6. This Court has the discretion to stay civil proceedings in the interests of justice and in light of the particular circumstances of the case. *See United States v. Kordel*, 397 U.S. 1, 12-13 & n. 27 (1970).

7. As discussed below, consideration for a stay is case specific. Based on the facts and circumstances of this case, special circumstances exist, which justify the imposition of a stay. In particular, given that the allegations in Plaintiffs' civil complaint are the same charges that are being considered by the Broward State Attorney's Office, MELLIES will be severely prejudiced if the civil action is permitted to move forward.

8. Parallel proceedings will have the effect of penalizing MELLIES' assertion of his Fifth Amendment privilege against self incrimination where the claims overlap.

9. As such, MELLIES respectfully requests that this Court stay the civil proceedings for 60 days or until the resolution of the potential criminal proceedings.

---

[2]In the event the State Attorney's Office declines to file charges within the 60 day stay, the undersigned will notify this Court and opposing counsel of the same and will immediately engage in discovery.

**MEMORANDUM OF LAW**

I. **Plaintiffs' civil rights action should be stayed pending the resolution of the potential criminal prosecution against Lieutenant Mellies.**

    A. **Discretion of the Court.**

This Circuit has held that a trial court should stay a civil proceeding pending the resolution of a related criminal proceeding when "special circumstances" so require in the interest of justice. *Pozdol v. City of Miami*, 996 F. Supp. 2d 1290, 1301 (S.D. Fla. 2014); *Coquina Inv. v. Rothstein*, 2011 WL 2530945 *1 (S.D. Fla. 2011). While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket; such a determination is within the court's discretion after weighing competing interests and maintaining and even balance. *See Landis v. N. Am., Co.,* 299 U.S. 248, 254-55 (1936); *SEC v. Wright*, 261 Fed. Appx. 259, 263 (11th Cir. 2008); *DeAtley v. Allard*, 2014 WL 1258170 *1 (D. Co. 2014)(quoting *Landis*). A court may, in its discretion, stay civil proceedings and postpone civil discovery, or impose protective orders and conditions when the interests of justice seem to require such action. *See SEC v. Dresser Indust., Inc.,* 628 F. 2d 1368, 1375 (D.C. Cir. 1980)(citing *Baxter v. Palmigiano*, 425 U.S. 308, 317-319 (1976)); *Kordel*, 397 U.S. at 11-12 (parallel civil and criminal actions might in "special circumstances," raise constitutional problems and a defendant might be able to argue that his due process and self-incrimination rights require the stay of proceedings in a civil action).

    B. **Factors to be considered.**

A motion to stay entails a case-by-case, fact specific inquiry. *See DeAtley*, supra. To determine whether special circumstances exist to warrant a stay, courts balance the interests of the

parties, the courts and the public, including:

    (1)    The extent to which the issues in the criminal case overlap with those presented in the civil case;
    (2)    the status of the case, including whether the defendant has been indicted;
    (3)    the interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;
    (4)    the private interests of and burden on the defendants;
    (5)    the interest of the court; and
    (6)    the public interest.

*Rothstein*, 2011 WL 2530945 at *1; *Doe v. Sipper*, 869 F. Supp. 2d 113, 116 (D.D.C. 2012); *Doe v. Morris*, 2012 WL 359315 *1 (E.D. La. 2012); *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 399 (S.D. Tex. 2009).

Although many factors may be relevant, "the similarity of issues underlying civil and criminal actions is considered the most important threshold issues in determining whether to grant a stay." *Love v. City of Lanett*, 2009 WL 2525371 *2 (M.D. Ala. 2009)(quoting *Dominguez v. Hartford Fin. Servs.*, 530 F. Supp. 2d 902, 906-07 (S.D. Tex. 2008)).

    **C.**    **The facts in this case favor entry of a stay.**

MELLLIES' invocation of his Fifth Amendment right, standing alone, does not justify a stay in the proceedings. However, the specific facts of this case present the type of "special circumstances" that support a stay. There is no doubt that there is an overwhelming overlap of the issues in the civil complaint and those being contemplated by the Broward State Attorney's Office; MELLIES faces a potential criminal indictment; and both proceedings arise out of the same facts and circumstances that give rise to these claims. *See Dresser*, 628 F. 2d at 1375-76 (strongest case for a stay is where both actions involve the same matter). The overlap in this case is compelling where the allegations in the civil action formed the very basis for the presentation of criminal changes to

4

the Broward State Attorney's Office.

The central issue in both actions will be proving whether MELLIES had a legitimate law enforcement purpose for utilizing the DAVID system to gain Plaintiffs' personal information.

A resolution in the criminal proceeding also factors into judicial economy, which favors a stay. *See City of Demopolis*, 2009 WL 2059311 *3 (another consideration if favor of a stay is judicial economy). While the Court obviously has a strong interest in keeping litigation moving forward without unnecessary delay, the resolution of the criminal case may increase the possibility of settlement in the civil case.

WHEREFORE, Defendant, JEFFREY MELLIES, respectfully requests that this Honorable Court grant his Motion to Stay for 60 days.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1, the undersigned hereby certifies that she conferred with counsel for Plaintiff's who has no objection to the relief sought herein.

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

*/s/ Tamatha S. Alvarez*
TAMATHA S. ALVAREZ (151467)
tsalaw@hotmail.com
MARTIN, LISTER & ALVAREZ
1655 N. Commerce Parkway, Suite 102
Weston, Florida 33326
Telephone:    (954) 659-9322 Ext 305
Facsimile:     (954) 659-9909
Counsel for MELLIES

## SERVICE LIST

CASE NO: 22-CV-60402-WPD

***Counsel for Plaintiffs***
Gary Kollin, Esquire
Gary Kollin, P.A.
1856 N. Nob Hill Road, Suite 140
Ft. Lauderdale, Florida 33322
Email:           garykollin@garykollinlaw.com
                      pleadings@garykollinlaw.com